*Esquivel-Garcia v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty-two.

PRESENT:
  SUSAN L. CARNEY,
  JOSEPH F. BIANCO,
  ALISON J. NATHAN,
   *Circuit Judges.*

————————————————————————

DANIEL ESQUIVEL-GARCIA,

   *Petitioner,*

  v.           21-6256

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

   *Respondent.*

————————————————————————

FOR PETITIONER:   PAUL O'DWYER, Esq., Law Office of Paul O'Dwyer, P.C., New York, NY.

FOR RESPONDENT:   JESSICA R. LESNAU, Trial Attorney, Office of Immigration Litigation (Lindsay Marshall, Julie M. Iversen, Senior Litigation Counsel, *on the brief*), *for* Brian Boynton, Principal Deputy Assistant Attorney General, United

States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Daniel Esquivel-Garcia, a native and citizen of Mexico, seeks review of an April 12, 2021 decision of the BIA, affirming a December 7, 2018 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Daniel Esquivel-Garcia*, No. A206 031 064 (B.I.A. Apr. 12, 2021), *aff'g* No. A206 031 064 (Immig. Ct. N.Y. City Dec. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). A noncitizen like Esquivel-Garcia, who is not a permanent resident, may have his removal cancelled if, as relevant here, he "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). For a

petitioner to be eligible for cancellation, the hardship to the qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted). Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-41 (2d Cir. 2008).

Esquivel-Garcia argues that the agency misconstrued or ignored evidence, applied a heightened standard when considering evidence of criminal conditions, and failed to consider hardship evidence cumulatively. These arguments are not colorable and for that reason we are not vested with jurisdiction over his petition.

First, the agency did not "totally overlook[]" or "seriously mischaracterize[]" important facts. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). Contrary to Esquivel-Garcia's contention, the agency did not find that his extended family will financially support him in Mexico; rather, the agency determined that they might ease his family's transition. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (B.I.A. 2002) (recognizing that

3

adjustment to removal is more difficult without family members in the country of removal). That finding was consistent with Esquivel-Garcia's testimony that he and his family would initially stay at his mother's house. And, contrary to his suggestion on appeal, he did not raise a claim before the agency that his children's education would suffer because they will live in an indigenous area. For that reason, the agency was not obligated to give explicit consideration to evidence regarding educational opportunities in such areas. *See* 8 U.S.C. § 1229a(c)(4)(A)(i) (applicant bears burden of proof); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)).

The IJ did misquote Esquivel-Garcia as stating that violent crimes did not typically occur in Zitácuaro. In fact, Esquivel-Garcia testified that while violent crimes did not typically occur in his hometown of Crescencio Morales, they *did* frequently occur in Zitácuaro. However, Esquivel-Garcia conceded the argument in his reply brief. Even if he had not, the IJ's error does not rise to the level of serious mischaracterization. The IJ concluded,

4

consistent with the evidence, that violent crimes were infrequent in Esquivel-Garcia's hometown.

Second, Esquivel-Garcia does not identify any error of law in the agency's decision declining to accept his late-filed evidence concerning a recent violent incident that took place near his hometown. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) ("[A]n IJ has broad discretion to set and extend filing deadlines pursuant to 8 C.F.R. § 1003.31."); *see also Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006)(providing that a question of law may arise "where a discretionary decision is argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard"). He does not make out a constitutional claim, for example, that the evidentiary decision violated his due process rights, because the IJ permitted him to testify about the incident discussed in that evidence and considered it. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)); *cf. Martinez Roman v. Garland*, 2022 WL 4241573, at *7-*10 (2d Cir. Sept. 15, 2022)

5

(concluding that the IJ's denial of a continuance to hear live testimony from a noncitizen's children was an abuse of discretion).

Further, the agency did not apply an erroneously heightened legal standard by requiring him to show that his children would be singled out for violent crime in Mexico. Rather, it appropriately acknowledged crime conditions, noted that Esquivel-Garcia's extended family in Mexico generally had not suffered from crime, and observed the lack of evidence as to how his young children specifically would suffer hardship from general crime conditions. *See In re Andazola-Rivas*, 23 I. & N. Dec. at 323 ("[T]he relative level of hardship a person might suffer . . . must necessarily be assessed, at least in part, by comparing it to the hardship others might face.").

Finally, contrary to Esquivel-Garcia's assertion, the IJ explicitly considered the claimed hardships cumulatively. *See In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) ("Part of that analysis requires the assessment of hardship factors in their totality, often termed a 'cumulative' analysis."). We lack jurisdiction to review the agency's weighing of the hardship evidence or balancing of factors. *See Barco-Sandoval*, 516 F.3d at 42; *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010).

6

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court